AMANDA N. MONTAGUE (9941)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0216
Facsimile: (801) 366-0101
E-mail: amontague@agutah.gov

*Attorneys for Shane Nelson and*
*The Utah Board of Pardons and Parole*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **RUDY M. ROMERO**, <br><br> Petitioner, <br><br> v. <br><br> **SHANE NELSON and THE UTAH BOARD OF PARDONS AND PAROLE,** <br><br> Respondents. | **RESPONDENTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT** <br><br> Case No. 4:18-CV-3 DN <br><br> Judge David Nuffer |

## MOTION

Respondents Shane Nelson ("Warden") and the Utah Board of Pardons and Parole ("Board"), through counsel, Amanda N. Montague, Assistant Utah Attorney General, and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 28 U.S.C.A. § 2244(d)(1) moves the Court to dismiss Petitioner's claims. Petitioner failed to exhaust his remedies in state court before pursuing this action. Petitioner also fails to state a claim against the Defendants.

## LEGAL STANDARD

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). Thus, Petitioner must show that Respondents have violated his rights under the United States Constitution.

Respondents move to dismiss the Petition pursuant to Federal Rule of Civil Procedure 12(b)(1), which permits dismissal of cases for "lack of subject-matter jurisdiction." Specifically, there is no jurisdiction to consider Petitioner's claims because he has not exhausted his claims as required by 28 U.S.C.A. § 2254(b)(1). Additionally, Petitioner does not state a claim for relief.

## BACKGROUND

On April 7, 2005, Romero filed a Petition for Writ of Habeas Corpus with the United States District Court, District of Utah. In it, he alleged the Board unconstitutionally rescinded his parole date. He asserted the Board improperly punished him for "alleged crimes that were said to happen from 1990 to 1993." 2005 Petition at 5, attached at Exhibit 1. He also asserted he was denied the assistance of counsel at the rescission hearing where the Board considered the unadjudicated crimes. *Id*. On March 16, 2007, Judge Campbell denied the Petition, finding Petitioner had failed to exhaust his claims in Utah state court and that Petitioner had not stated a federal constitutional ground for relief.[1] Judge Campbell's Order is attached to this Motion at Exhibit 2. Since that dismissal, Romero has not filed a Petition for Extraordinary Relief.

On December 14, 2017, the Utah Supreme Court issued a decision in *Neese v. Board of Pardons*, finding an inmate was denied sufficient due process when the Utah Board of Pardons and Parole ordered the inmate to engage in sex offender therapy when the inmate had "never been convicted of a sex offense or otherwise adjudicated a sex offender." 2017 UT 89, ¶ 43, 416 P.3d 663. On December 10,

---

[1] The Court also found that Petitioner defaulted on his claims in state court but later amended the decision to find that Petitioner's claims were not time-barred in state court. Order to Amend or Alter, attached at Exhibit 3.

3

2018, Romero filed the instant Petition. He essentially alleges the Court should review his 2005 Petition under the framework of *Neese*.

## LEGAL ARGUMENT

### I. Petitioner Failed to Exhaust his Claims

In 2007, Judge Campbell ruled Petitioner had not exhausted his state court remedies. Despite direction from the Court regarding his obligations to raise claims in the state court, Romero has not brought a petition for extraordinary relief in the Utah state district court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C.A. § 2254(b)(1). "In general, before Petitioner may seek review of a Utah conviction in federal court, he must exhaust all remedies in the Utah courts. This means Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief." *Tiedemann v. Bigelow*, 2:10 CV 803 CW, 2012 WL 4584492 (D. Utah Oct. 1, 2012).

In the present case, Petitioner failed to present his claims to the highest available Utah court.  Petitioner asserts he exhausted his claims by bringing a petition in Utah in 2014.  *See* Petition, Doc. 1 at 4-5.  This is not accurate.  In 2014, Petitioner brought a Petition for Post-Conviction Relief.  The docket is attached at Exhibit 4.  On December 14, 2014, Judge Reese in the Utah state court determined the relief Petitioner sought against the Board was not available under the Post-Conviction Remedies Act.  The decision is attached at Exhibit 5.

The 2014 petition did not exhaust Petitioner's claims.   First, it was not a petition for extraordinary relief under Utah Rule of Civil Procedure 65B.  It was a Petition for Post-Conviction Remedies Act, brought under Utah Rule of Civil Procedure 65C.  A Rule 65C petition can only address conviction and sentence.  He needed to bring a Rule 65B action to challenge the behavior of the Board of Pardons.  Second, this action was filed before the decision in *Neese* was issued.  All of Petitioner's claims are based in *Neese.*  He hasn't presented those to a Utah court.

Petitioner has not exhausted his claims in Utah State court and is not excused from doing so.  Petitioner is, therefore, not entitled to bring a Petition for Habeas Corpus pursuant to 28 U.S.C.A. §2254(b)(1) and his Petition must be dismissed.

## II. Petitioner Fails to State a Claim for Relief

Respondents are entitled to dismissal if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998) (quotations and citations omitted). In order to survive a motion to dismiss, the Petitioner must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). Petitioner has not stated a plausible claim.

Petitioner must show that his *federal* constitutional rights have been violated. *Neese* is not based on the federal constitution. The Utah Supreme Court noted, "[t]he Parole Board appears to be correct that Mr. Neese doesn't enjoy federal due process protections in a discretionary parole grant hearing." *Neese*, 2017 UT 89 at ¶ 36. Instead the holding in *Neese* is based solely in the Utah Constitution. *Id.* at ¶ 43. "To state a claim for relief in an action brought under § 1983, [Petitioner] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S.

40, 49–50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999). Petitioner cannot meet this requirement because he is relying on a Utah State Constitutional right alone.

## **CONCLUSION**

For the foregoing reasons, the Petition must be dismissed.

DATED: April 16, 2019.

                              OFFICE OF THE
                              UTAH ATTORNEY GENERAL


                              /s/ Amanda N. Montague
                              AMANDA N. MONTAGUE
                              Assistant Utah Attorney General
                              Attorney for Shane Nelson and
                              The Utah Board of Pardons and Parole

## CERTIFICATE OF SERVICE

I certify that I mailed a true and correct copy of the foregoing, **RESPONDENTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**, postage prepaid, on this 16th day of April 2019, to the following:

Rudy Romero
Inmate #14299
Central Utah Correctional Facility
PO Box 550
Gunnison, Utah 84634

/s/ Cecilia Rojas
Legal Secretary