IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| RUDY ROMERO, | **MEMORANDUM DECISION & ORDER GRANTING MOTION TO DISMISS HABEAS PETITION** |
|---|---|
| Petitioner, | |
| v. | |
| SHANE NELSON et al., | Case No. 4:18-CV-3-DN |
| Respondents. | District Judge David Nuffer |

Petitioner, Rudy Romero, seeks habeas-corpus relief under 28 U.S.C.S. § 2241 (2019).

## BACKGROUND

• July 11, 1994    Petitioner sentenced to five-years-to life after pleading guilty to aggravated robbery. *Romero v. Utah*, 2:05-CV-315-TC (D. Utah Mar. 15, 2007) (dismissal order).

• March 15, 2007    Petitioner's past § 2241 petition in this Court dismissed, based on procedural default and failure to state federal constitutional ground for relief. *Id*. at 6.

• November 28, 2012    BOP order that Petitioner shall "expire life sentence." (Doc. No. 1-5, at 60.) BOP noted, "This decision is subject to review and modification by [BOP] at any time until actual release from custody." (*Id*.)

• March 8, 2018    Filing of this federal habeas petition. (Doc. No. 1.)

Having thoroughly reviewed over 175 pages of Petitioner's petitions and exhibits, (Doc. Nos. 1, 8 & 11), the Court distills Petitioner's argument to this: BOP violated his federal and

state constitutional rights by deciding, on various bases, that Petitioner shall expire his life sentence.[1] Respondents move for dismissal. (Doc. No. 6.)

## ANALYSIS

Section 2241 reads in pertinent part: "The Writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.S. § 2241(c)(3) (2019). 2241 petitions "are used to attack the execution of a sentence, in contrast to § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (citations omitted).

### 1. Utah Constitution

Petitioner asserts BOP breached the Utah Constitution in determining that he shall serve out his life sentence. *See, e.g.,* Utah Const. art. 7, § 12; *Neese v. Utah Bd. of Pardons & Parole*, 2017 UT 89. The United States Supreme Court has "stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.").

The Supreme Court has repeatedly emphasized "that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or

---

[1] Respondent possibly also raises issues of unconstitutionality of his sentence vis-à-vis Utah's indeterminate sentencing scheme. However, Utah's indeterminate sentencing scheme has been ruled to be constitutional. *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1213 (10th Cir. 2009).

treaties of the United States." *Estelle*, 502 U.S. at 67-68 (citing 28 U.S.C.S § 2241 (2019)). Thus, any of Petitioner's claims--based on alleged violations of state law--do not raise federal challenges; federal habeas review of state-law-based claims is therefore unwarranted. *See Larson v. Patterson,* 2:09-CV-989-PMW, 2011 U.S. Dist. LEXIS 3831, *5-6, 2011 WL 129485 (D. Utah Jan. 14, 2011) ("Petitioner's first argument that the trial court should have . . . dismissed the charges against him is based entirely on state law. . . . Therefore, this Court will not further consider this state-law-based argument."); *see also Scott v. Murphy*, 343 F. App'x 338, 340 (10th Cir. 2009) (rejecting petitioner's . . . claim that "involve[d] purely matters of state law.").

### 2. Federal Constitution

Petitioner's argues that BOP's decision that he must serve out his life sentence violates the Federal Constitution. Fatal to this § 2241 habeas claim, Petitioner does not say how any of his related bald allegations show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.S. § 2241(c)(3) (2019).

Utah's indeterminate sentencing regime leaves BOP to decide within that term just how long Petitioner will serve. *See Baker v. Utah Bd. of Pardons and Parole*, No. 2:16-CV-756 DN, 2019 U.S. Dist. LEXIS 72931, at *5-6, 2019 WL 1896578 (D. Utah Apr. 29, 2019).

Petitioner should keep in mind that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "Parole is a privilege," not a federal constitutional right. *Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992). Moreover, it is well established that the Utah parole statute does not create a liberty interest entitling prisoners to federal constitutional protection. *Malek v. Haun*, 26 F.3d 1013,

1016 (10th Cir. 1994). And, again, Utah's indeterminate sentencing scheme has been ruled to be constitutional. *Straley*, 582 F.3d at 1213.

## CONCLUSION

The petition does not successfully argue that the execution of Petitioner's sentence violates the United States Constitution.

**IT IS THEREFORE ORDERED** that:

(1) Respondent's motion to dismiss is **GRANTED**. (Doc. No. 6.)

(2) A certificate of appealability is **DENIED**.

(3) The Clerk of Court is directed to **CLOSE** this action.

DATED this 26th day of November, 2019.

BY THE COURT:

JUDGE DAVID NUFFER
United States District Court